IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WEYERHAEUSER COMPANY,

    Plaintiff,

v.

KEVIN DAVIS, TOMMY YOUNG, CURTIS R. MOORE, RICKY SHORT, JR., RICKY SHORT, SR., STEVE ANDERSON, W.D. ANDERSON, RAYMOND HARDAWAY, JIMMIE MORGAN, PATRICK LEONARD, GARY DON MORPHEW, J.T. HALE AND MARVIN SKIPPER,

    Defendants.

Case No. CIV-07-159-RAW
Judge Ronald A. White

## ORDER GRANTING DEFAULT JUDGMENT IN FAVOR OF WEYERHAEUSER COMPANY AGAINST DEFENDANT MARVIN SKIPPER

Before the Court is Plaintiff Weyerhaeuser Company's Application for Default Judgment Against Defendant Marvin Skipper. For good cause shown, the Court finds the application should be granted and that the requested final judgment and permanent injunction should be entered.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that Defendant Marvin Skipper is hereby prohibited from performing any of the following acts, whether directly or indirectly, and whether alone, by or through agents, or in concert with others:

    1.    Threatening or interfering with Weyerhaeuser employees and agents while they are carrying out their legitimate business duties in McCurtain County, Oklahoma;

2. Entering any land of which Weyerhaeuser is record, legal owner for any purpose, except as expressly permitted in writing by Weyerhaeuser;

3. Using any roads crossing land of which Weyerhaeuser is record, legal owner for travel or any other purpose, except as expressly permitted in writing by Weyerhaeuser;

4. Destroying any property on land of which Weyerhaeuser is record, legal owner, including but not limited to fences, gates, and locks, regardless of any belief by Marvin Skipper that such fences, gates, or locks are somehow "unlawful" or "illegal";

5. ~~Interfering with present or prospective contracts or relationships between Weyerhaeuser and its customers, suppliers, representatives, or clients;~~

6. ~~Threatening or interfering with witnesses in this case, or their employees and agents;~~

7. Claiming any right or interest in land of which Weyerhaeuser is the record, legal owner, including but not limited to any interest by way of common law dedication, prescriptive easement, or adverse possession;

8. Claiming any right or interest as to roads crossing land of which Weyerhaeuser is the record, legal owner, including but not limited to any interest by way of common law dedication, prescriptive easement, adverse possession, any alleged right of "the public" to travel any such roads, or otherwise.

IT IS FURTHER ORDERED THAT Defendant Marvin Skipper shall immediately return to Weyerhaeuser the unlimited and exclusive use of its land and roads at issue in this case, as

well as all other McCurtain County land and roads to which Weyerhaeuser is record, legal owner.

IT IS FURTHER ORDERED THAT Defendant Marvin Skipper shall accomplish the directives of this Court without breach of the peace or of any municipal, state, or federal laws, or the destruction, alteration, or diminution of any Weyerhaeuser land or roads at issue in this case, or any other McCurtain County land or roads of which Weyerhaeuser is record, legal owner, including fences, gates, locks, appurtenances, improvements, structures, and surface, mineral, or riparian rights.

IT IS FURTHER ORDERED THAT the Sheriff of McCurtain County, Oklahoma, and/or the U.S. Marshal are directed to enforce the laws of the state of Oklahoma to allow Weyerhaeuser to effectuate return of the unlimited use, dominion, and control of the land and roads at issue in this lawsuit, as well as all other McCurtain County land and roads of which Weyerhaeuser is record legal owner. The Sheriff and/or U.S. Marshal are directed to enforce the laws of trespass, assist in ejectment, conduct lawful sales of such property and items as may be seized by Weyerhaeuser, the Sheriff, or the U.S. Marshal upon Weyerhaeuser lands, and to take such further action as necessary to restore the lands identified in Weyerhaeuser's Complaint to the unlimited use, dominion, and control of Weyerhaeuser.

IT IS FURTHER ORDERED THAT the Sheriff of McCurtain County, Oklahoma, and/or the U.S. Marshal in order to enforce the laws of the State of Oklahoma, and to give full force and effect to this Injunction, may conduct lawful sales of such property and items as may be seized by Weyerhaeuser or the Sheriff and/or the U.S. Marshal upon Weyerhaeuser lands, at any location within the purview and jurisdiction of the United States District Court for the Eastern District of Oklahoma; to engage in and facilitate such sales, the Sheriff of McCurtain County,

Oklahoma, and/or the U.S. Marshal may consult with and contract with other law enforcement officers or such other third persons, agents or brokers as are necessary and proper to facilitate sales at locations outside of McCurtain County.

IT IS FURTHER ORDERED THAT Weyerhaeuser may exercise self-help to the extent of removal of any structure, improvement, or other alteration to its land or roads, as necessary to restore the lands to the unlimited use, dominion, and control of Weyerhaeuser.

IT IS FURTHER ORDERED THAT the costs, expenses and fees incurred by Weyerhaeuser, its employees or agents, and the Sheriff of McCurtain County and/or the U.S. Marshal, and their employees and agents, to implement, enforce or otherwise effectuate and maintain this Order shall be assessed against Defendant Marvin Skipper.

IT IS FURTHER ORDERED THAT failure of Defendant Marvin Skipper to timely, fully and completely comply with this Order shall result in a finding of contempt upon the filing of an Application and submission of evidence supporting a finding of indirect contempt of this Court's Orders.

IT IS FURTHER ORDERED THAT title to the lands described and depicted in Weyerhaeuser's Complaint Exhibits 1 and 2, is hereby quieted in Weyerhaeuser, as to Defendant Marvin Skipper; that Weyerhaeuser is the owner in fee simple of the real property and roads described and depicted in Weyerhaeuser's Complaint Exhibits 1 and 2 with respect to Defendant Marvin Skipper, free and clear of all liens, claims, and encumbrances of Defendant Marvin Skipper or his heirs, executors, administrators, devisees, assigns and successors, claiming by and through him; that Defendant Marvin Skipper has no right, title or interest therein, and is barred and enjoined from asserting any right, claim, or interest therein, and that the title of Weyerhaeuser and its successor in the lands described herein is forever quieted and confirmed.

IT IS FURTHER ORDERED THAT Weyerhaeuser is awarded judgment against Marvin Skipper in the amount of $4,557.94.

IT IS SO ORDERED THIS 10 day of Dec, 2007.

*Ronald A. White*
Ronald A. White
Judge of the United States District Court
For the Eastern District of Oklahoma