IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

WEYERHAEUSER COMPANY,

Plaintiff,

v.

KEVIN DAVIS, TOMMY YOUNG,
CURTIS R. MOORE, RICKY SHORT, JR.,
RICKY SHORT, SR., STEVE ANDERSON,
W.D. ANDERSON, RAYMOND
HARDAWAY, JIMMIE MORGAN,
PATRICK LEONARD, GARY DON
MORPHEW, J.T. HALE AND MARVIN
SKIPPER,

Defendants.

Case No. CIV-07-159-RAW
The Honorable Ronald A. White

## ORDER OF PRELIMINARY INJUNCTION

Before the Court for consideration is Plaintiff Weyerhaeuser Company's (Weyerhaeuser) Application for Preliminary Injunction against Defendant John T. Hale (Hale).

An evidentiary hearing was conducted December 10, 2007, at which the Court heard testimony of witnesses, received exhibits into evidence, reviewed the pleadings and authorities, and heard arguments of the parties.

The Court finds that Weyerhaeuser has established 1) that it is likely to succeed on the merits; 2) that it will suffer irreparable harm if a preliminary injunction does not issue; 3) the threatened injury to Weyerhaeuser outweighs the harm that may be suffered by Hale; and 4) the preliminary injunction does not violate public policy. Based on those findings, a preliminary injunction shall issue.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that until such time as this Order is vacated or modified, Defendant John T. Hale is hereby prohibited from performing any of the following acts, whether directly or indirectly, and whether alone, by or through agents, or in concert with others:

1.      Threatening or interfering with Weyerhaeuser employees and agents while they are carrying out their legitimate business duties in McCurtain County, Oklahoma;

2.      Entering any land of which Weyerhaeuser is record, legal owner for any purpose, except as expressly permitted in writing by Weyerhaeuser;

3.      Using any roads crossing land of which Weyerhaeuser is record, legal owner for travel or any other purpose, except as expressly permitted in writing by Weyerhaeuser and for purposes of the shortest possible ingress and egress to John T. Hale's home;

4.      Destroying any property on land of which Weyerhaeuser is record, legal owner, including but not limited to fences, gates, and locks, regardless of any belief by John T. Hale that such fences, gates, or locks are somehow "unlawful" or "illegal";

5.      ~~Interfering with present or prospective contracts or relationships between Weyerhaeuser and its customers, suppliers, representatives, or clients;~~ *(struck through, initialed "RyAu")*

6.      ~~Threatening or interfering with witnesses in this case, or their employees and agents;~~ *(struck through, initialed "RyAu")*

7.     Claiming any right or interest in land of which Weyerhaeuser is the record, legal owner, including but not limited to any interest by way of common law dedication, prescriptive easement, or adverse possession;

8.     Claiming any right or interest as to roads crossing land of which Weyerhaeuser is the record, legal owner, including but not limited to any interest by way of common law dedication, prescriptive easement, adverse possession, any alleged right of "the public" to travel any such roads, or otherwise.

IT IS FURTHER ORDERED THAT Defendant John T. Hale shall immediately return to Weyerhaeuser the unlimited and exclusive use of its land and roads at issue in this case, as well as all other McCurtain County land and roads to which Weyerhaeuser is record, legal owner.

IT IS FURTHER ORDERED THAT Defendant John T. Hale shall accomplish the directives of this Court without breach of the peace or of any municipal, state, or federal laws, or the destruction, alteration, or diminution of any Weyerhaeuser land or roads at issue in this case, or any other McCurtain County land or roads of which Weyerhaeuser is record, legal owner, including fences, gates, locks, appurtenances, improvements, structures, and surface, mineral, or riparian rights.

IT IS FURTHER ORDERED THAT the Sheriff of McCurtain County, Oklahoma, and/or the U.S. Marshal are directed to enforce the laws of the state of Oklahoma to allow Weyerhaeuser to effectuate return of the unlimited use, dominion, and control of the land and roads at issue in this lawsuit, as well as all other McCurtain County land and roads of which Weyerhaeuser is record legal owner. The Sheriff and/or U.S. Marshal are directed to enforce the laws of trespass, assist in ejectment, and to take such further action as necessary to restore the lands identified in Weyerhaeuser's Complaint to the unlimited use, dominion, and control of

Weyerhaeuser.

IT IS FURTHER ORDERED THAT the costs, expenses and fees incurred by Weyerhaeuser, its employees or agents, and the Sheriff of McCurtain County and/or the U.S. Marshal, and their employees and agents, to implement, enforce or otherwise effectuate and maintain this Order shall be assessed against Defendant John T. Hale.

IT IS FURTHER ORDERED THAT failure of Defendant John T. Hale to timely, fully and completely comply with this Order shall result in a finding of contempt upon the filing of an Application and submission of evidence supporting a finding of contempt of this Court's Orders.

IT IS SO ORDERED THIS ___10___ day of ___Dec.___, 2007.


_____
Ronald A. White
Judge of the United States District Court
For the Eastern District of Oklahoma