# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| WEYERHAEUSER COMPANY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-07-159-RAW |
| | ) |
| KEVIN DAVIS, et al., | ) |
| | ) |
| Defendants. | ) |

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

This matter came on for evidentiary hearing on December 10, 2007, on the motion of the plaintiff for preliminary injunction. The court entered an order of preliminary injunction (#124) on that date. The court hereby enters its findings of fact and conclusions of law pursuant to Rule 52 F.R.Cv.P.

## FINDINGS OF FACT

1. Weyerhaeuser owns and holds legal title to all the property at issue in this case. The property is located in McCurtain County, Oklahoma.

2. The roads owned by plaintiff include Lukfata Trail, Blue Springs Road and Baldwin Trail.

3. The value of the land underlying all of plaintiff's roads and the improvements thereon is, conservatively, $62.6 million.

4. The total impact to plaintiff of the public having acquired a prescriptive easement in Weyerhaeuser land would exceed $40 million.

5. In 1998, plaintiff entered into a 10-year cooperative agreement with the Oklahoma Department of Wildlife Conservation (ODWC).

6. Under the agreement, plaintiff's property is leased to the ODWC, and that property is known as the Three Rivers Wildlife Management area.

7. Plaintiff seeks to quiet title to its land for the purpose of protecting the value of its land, protecting its shareholders' investment and protecting its interest in the property from adverse claims.

8. At times, plaintiff or the ODWC limits access to plaintiff's land and roads to deter crime, to improve wildlife habitat and to ensure the land is unencumbered.

9. On September 17, 2005, Game Warden Dru Polk was advised of possible vandalism that might occur on plaintiff's land the following day.

10. On September 18, 2005, Polk and another warden stationed themselves at Lukfata Trail. The gate on Lukfata Trail is on Weyerhaeuser property.

11. Several vehicles pulled up to the gate crossing the road. A van had lines coming from it that appeared to Polk to be cutting torch lines. Polk observed defendant Marvin Skipper holding a cutting torch in his hand and the other warden talking to Polk. Polk took a photograph depicting Mr. Skipper and Mr. Hale, along with members of their family near a gate crossing the road. Hale, Skipper and their granddaughters all left in the same vehicle.

12. That day, four locks on the Lukfata Trail gate, including two Weyerhaeuser locks, were damaged. Gates and locks on several other Weyerhaeuser roads were damaged or

destroyed the same day. (It is unclear why the wardens took no action to prevent this additional damage).

13. Based upon his investigation of the incident, Polk concluded that Mr. Skipper actually cut the locks on the Lukfata Trail gate, and that Mr. Hale assisted.

14. At the preliminary injunction hearing, Mr. Hale refused to testify.

15. As proven against Mr. Hale, the damages to plaintiff as a result of the September 18, 2005 vandalism is $140.00.

16. Based upon the record, the court concludes that the roads at issue are plaintiff's private roads owned by plaintiff.

To the extent any Finding of Fact constitutes a Conclusion of Law, it may be so considered.

## CONCLUSIONS OF LAW

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1332. Venue is proper pursuant to 28 U.S.C. §1391.

2. Plaintiff is the record title owner of the property at issue in this case.

3. The record does not reflect that the Board of County Commissioners has deemed plaintiff's roads to be county roads or public roads.

4. Private land may not be taken for public use without proper compensation.

5. Because its roads are private, plaintiff may gate the roads at will, and without seeking permission from any public body.

6. Plaintiff is entitled to a negative inference from Mr. Hale's refusal to testify.

7. The definition of "public road" set forth in 29 O.S. §2-133.1 applies only to provisions of the Oklahoma Wildlife Conservation Code and not to any provision of Title 69 pertaining to public roads.

8. Neither Mr. Hale nor the public has acquired a prescriptive easement in any Weyerhaeuser land or roads.

9. Plaintiff has not dedicated any of its McCurtain county lands or roads to the public for any purpose.

To the extent any of these Conclusions of Law constitute Findings of Fact, they may be so considered.

It is the Order of the Court that these Findings of Fact and Conclusions of Law be entered in support of the Order of Preliminary Injunction (#124) previously entered.

**ORDERED THIS 1st DAY OF APRIL, 2008.**

**Dated this 1st Day of April 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma